**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

**UNITED STATES OF AMERICA** *
*
**v.** *
* **Crim. No. LKG 26-251**
**JAMAR RASHARD WHITAKER,** *
*
**Defendant** *
*
*
*******

## MEMORANDUM AND ORDER

Pending before this Court is a "Motion to Modify Conditions of Release" ("Motion") (ECF No. 41) filed by Defendant Jamar R. Whitaker ("Mr. Whitaker" or "Defendant"). The government opposed the Motion, (ECF No. 43). No reply has been filed, and the time for so doing has passed. *See* Local Rules 105.2, 207.1 (D. Md. 2025). Having considered the submissions of the parties, and having listened again to the recording of the detention hearing, the Court finds that no hearing is necessary. *See* Local Rule 105.6. For the reasons set forth herein, the Motion is **DENIED**.

On July 30, 2026, the Defendant was charged via Indictment with is co-defendant of engaging in a conspiracy to distribute or possess with intent to distribute a controlled substance, namely cocaine, and with distribution and possession with intent to distribute 500 grams or more of a controlled substance (cocaine) in violation of 21 U.S.C. §§ 841(a)(1), 846. (ECF No. 1). The charges relate to Mr. Whitaker's distribution of more than 500 gram of cocaine to an undercover officer, and his agreement to provide additional cocaine to that undercover officer. (*Id.*). Following the Defendant's arrest, he had his Initial Appearance on August 3, 2026, and the Court presided over his detention hearing on that date. (ECF No. 10). During the detention hearing, the Court found that because the Mr. Whitaker was charged with a drug offense that carries a maximum

period of incarceration of ten years or more, there was a rebuttable presumption of detention under 18 U.S.C. §3142(e)(3)(A), namely that there was no condition or combination of conditions that could protect the community from him. (*Id.*). Thus, the burden was on Mr. Whitaker to rebut

At the detention hearing, the government moved for Mr. Whitaker's detention under 18 U.S.C. §3142(f)(1)(C) and proceeded under the argument that the Defendant was a danger to the community; the government did not argue that the Defendant posed a serious risk of flight. (ECF No. 10). According to the government's proffer, on July 22, 2025, the Defendant and his co-defendant met with an undercover officer, during which they sold more than 500 grams of cocaine to the undercover officer for approximately $11,000. (ECF Nos. 10, 21). Their interaction was recorded on audio and video. Moreover, the evidence proffered by the government reflected that Mr. Whitaker agreed that he had the ability to procure and to provide additional large quantities of cocaine to the undercover officer. The government also proffered that between in or about August 2025-September 2025, Mr. Whitaker and his co-defendant continued to discuss with the undercover officer the sale an additional 20 kilograms of cocaine for $420,000. The undercover officer, Mr. Whitaker and the co-Defendant were to meet again or about September 17, 2025; ultimately, however, that transaction was not consummated. (ECF No. 10). Furthermore, on August 3, 2026, law enforcement executed a search warrant at the Defendant's residence, during which they recovered several items from: the Defendant's bedroom, the kitchen, and a bedroom belonging to one of Mr. Whitaker's sons. Specifically, law enforcement recovered cocaine, "burner phones," and multiple rounds of .45 caliber ammunition (including "hollow point" ammunition) in a safe, all in the Defendant's bedroom. Law enforcement also recovered from the kitchen: ammunition (including rifle rounds and .9mm ammunition), "burner phones", two digital scales, fentanyl tablets packaged for distribution, amphetamines packaged for distribution, and

packaging materials consistent with distribution. (ECF Nos. 10, 21). Inside of the son's room, law enforcement recovered heroin, cocaine base, and a .9mm firearm. (*Id.*).

During the detention hearing, Defense counsel attempted to rebut the presumption in favor of detention. Counsel focused on Mr. Whitaker's personal history and characteristics, to include his employment, family ties, prior criminal history, and history of drug use. (*Id.*). Counsel argued that Mr. Whitaker had a limited criminal history (no felony convictions) and offered two potential third party custodians, Mr. Whitaker's sister and his partner. Both testified at the hearing about their beliefs about Mr. Whitaker's character, their support of him, and about his strong family ties. Counsel challenged the government's ability to proceed via proffer evidence to the Court, arguing that the Defendant was not a danger to the community. Counsel further argued that Mr. Whitaker did not pose a serious risk of flight, arguing that the prior failures to appear did not occur while Mr. Whitaker was on pretrial supervision, who evaded court supervision. (*Id.*). Defense counsel asked the court to adopt the recommendation of U.S. Probation and Pretrial Services to release the Defendant on conditions. (*Id.*).

The Court issued its findings of fact, incorporating by reference into its findings the details set forth in the Pretrial Servies Report, to include Defendant's prior substance abuse history, employment, family ties, prior criminal history, and history of prior arrests, which spanned a roughly 20-year period. The Court considered the government's proffer, to include evidence related to drug possession with intent to distribute and firearms that were recovered by law enforcement from the Defendant's residence a few hours before the hearing. After considering all of the evidence before me and analyzing all of the factors set forth in 18 U.S.C. §3142(g), I found that Mr. Whitaker was charged with an offense for which a maximum term of imprisonment of more than 10 years was prescribed by statute, and that this was a rebuttable presumption case. I

further found by clear and convincing evidence that due to all of the factors (nature and circumstances of the offense, weight of the evidence, personal characteristics of the Defendant, and present dangerousness) that the Defendant failed to rebut the presumption for detention, namely as to dangerousness. (ECF Nos. 10, 14). I further found that the government provided clear and convincing evidence that the defendant was a danger to community. (*Id.*). Accordingly, I ordered Mr. Whitaker detained, and he has remained detained since August 2026. (*Id.*).

Mr. Whitaker filed the Motion seeking modification of his conditions of release. His principal argument is that "he is not a dangerous person;" instead, he is really a drug user not a distributor of drugs. (Motion, p. 1).

As a preliminary matter, the Court must first consider how best to construe the motion. In order for this Court to reconsider its earlier order, then, the burden is on the Defendant to set forth the statutory or other legal basis to trigger additional review by this Court of its earlier decision. The Court first construes the Motion as a motion for reconsideration of its earlier detention order As held previously, under the Bail Reform Act there is a rebuttable presumption of detention because Mr. Whitaker is charged with violating 21 U.S.C. § 846, which carries a statutory maximum of more than 10 years pursuant to 18 U.S.C. § 3142(e)(3). The presumption of detention "places 'a limited burden of production-not a burden of persuasion' on [Mr. Whitaker] to 'com[e] forward with evidence that he does not pose a danger to the community. . . ." *United States v. Khusanov*, 731 F'Appx 19, 21 (2nd Cir. 2018)(quoting *United States v. English*, 629 F.3d 311, 319 (2nd Cir. 2011)). In the instant case, the Court previously analyzed all of the Section 3142 factors and fully considered Mr. Whitaker's personal history and characteristics, and found that Mr. Whitaker failed to rebut the presumption in favor of detention. (ECF Nos. 10, 14). The Motion does not offer any legal argument , nor does it contain fulsome factual arguments to counter the

Court's earlier findings. Accordingly, the Court denies the Motion on this basis.

Alternatively, the Court evaluated Mr. Whitaker's request under 18 U.S.C. §3142(f)(2), which provides that a detention hearing may be reopened:

> [B]efore or after a determination by a judicial officer, at any time before trial if the judicial officer finds that information exists that that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

The Court analyzed whether Mr. Whitaker's motion advances for new information that was not known to him at the time of the detention hearing that would require the court to reopen the detention hearing. Having reviewed the Motion, the Court does not find that Mr. Whitaker has offered any new evidence or advanced any arguments not known to him at the time of the detention hearing that is related to the nature and circumstances of the offense, the weight of the evidence, or his present dangerousness. Nor has Mr. Whitaker persuaded the Court that there is information that did not exist at the time of the hearing related to his drug use or third party custodians that has a material bearing on whether conditions of release can be fashioned to reasonably assure that he does not present a danger to the community. Next, at the hearing, the Court did not consider Mr. Whitaker's prior failures to appear in the manner that counsel now suggests, and the Court already considered the availability of third party custodians when deciding that Mr. Whitaker failed to rebut the presumption in favor of detention. Thus, the Court also continues to hold that the government offered clear and convincing evidence of his dangerousness, and that the Defendant cannot overcome the presumption of detention. Relatedly, the Court continues to hold that Mr. Whitaker poses a significant danger to the community were he to be released, and that nothing has been offered to persuade the Court otherwise.

In sum, when considering all of the relevant factors under the Bail Reform Act, as well as the findings previously made, the Court finds that Mr. Whitaker's Motion (ECF No. 41) must be **DENIED**.

Date: November 18, 2026

/s/

The Honorable Gina L. Simms
United States Magistrate Judge